Andeew McClain, J.,
delivered the opinion of the Court.
In this case, the plaintiff in error was indicted in the County Court of Knox County, for obstructing a public road and common highway, leading from the Knoxville and Jacksborough road to Lamb’s and Odell’s mills.
The road has been known by some of the witnesses for forty years. From the point of intersection with the Knoxville and Jacksborough road, in the direction of the mills, it has been closed for about seventeen years, for some distance. About the time this was done, another road was opened from another point on the Knoxville and Jacksborough road, running in the direction of the mills, and intersecting the first mentioned road beyond the enclosure, and then running with it for a short distance, and then leaving it on the opposite side, and thus making a fork with the old road. Beyond this point of separation and on the old road, is the place of the alleged obstruction by the plaintiff in error, which it appears he made by extending his fence across it. We do not understand from the evidence, that the land on which the closed end of the road next to the Knoxville and Jacksborough road is situated, ever, at any time, belonged to the plaintiff in error, or any of his’ vendors.
*534 It appears that the road, at the point where the alleged obstruction by plaintiff in error exists, was originally opened through woodland by the owner of the land, for his own use and convenience, for the purpose of hauling corn from an adjoining farm.
The land through which this part of the road passes, appears to have remained uninclosed all the time, so far as we can discern from the evidence. About one hundred and fifty yards from the obstruction made by plaintiff in error, there is a deep gully in the road, which has rendered it impassable for wagons, for twelve years, and with difficulty can be passed by horsemen. It appears that (at some time) a tree which had fallen across the road, was removed by some one. The road has never been opened or recognized by the County Court in any manner, as a public road; and the only question which it is now necessary to consider, is, whether this road, where the alleged obstruction by plaintiff in error exists, has ever in any way, been dedicated to the public use by the owner of the land over which it passes. That a right of way may be claimed by a dedication .to the public use by the owner of the land, is well settled; but it was held by this Court, in the case of Worth vs. Dawson & Fowler, 1 Sneed’s Rep., 9, that this doctrine must be cautiously admitted.
In Angel on Highways, second edition, sec. 151, reference is made to this case, and also to the case of Scott vs. State, in 1 Sneed R., 629, with other authorities; and the'law is thus laid down on this subject After making mention of roads through government lands, it is there said: “Upon much the same princi- *535 pie it Ras been decided that dedication of a road to the public, over the waste and uninclosed lands of an individual, ought not to be inferred from bare user alone. Thus, where a road which had been in existence for more than fifty years, had originally passed entirely through woodland, the jury were instructed that mere user by the public, however uninterrupted and long continued, would be insufficient to constitute it a public road, but must be accompanied by acts which showed the use to have been claimed as a right, and not by permission of the owner; such as working on it, keeping it in repair, and requiring the removal of obstructions.” In same section, it is also said: “And even though the land be inclosed and cultivated, dedication is not to be presumed so readily of agricultural, as of other property. Thus it has been held, that the bare fact that a farmer leaves a lane through his farm, for his own convenience, and permits the public to use it as a highway for fifteen years, does not warrant the inference of dedication. An intention to dedicate must be obvious, and the same acts which would warrant the inference in cities and towns, would be quite insufficient in sparsely settled agricultural districts.”
Applying the principles here enunciated to the facts of the present case, we do not think there is sufficient reason to say there has been a dedication of the land over which this road passes.
At and for some distance from the Knoxville and Jacksborough road, this road has been closed for seventeen years, without objection so far as we can see from this record. At the other end of the road, within *536 one hundred and fifty yards of tbe place where the plaintiff • in error extended his fence over the road, there has been a gully so deep as to prevent wagons from passing for twelve years. One witness speaks of being under the necessity, when traveling on horseback, to get down and lead his horse, in order to pass it, about eight years ago.
There is no act, whatever, shown in the evidence, tending to show an intent on the part of the owner of the land, to dedicate it to public use. With the exception of the removal, (by some one,) of a tree which had fallen across it, there is nothing upon which a claim of dedication to the public can be predicated outside of bare user.
The Court charged the jury, “that a road may become a public road by long usage, say seven, eight, or ten years, .by the public, if the owner of the lands through which the road passes, sits quietly by and permits the same to be used by the public, as a public road, without making any objections to its use as such public road.” These instructions applied to the facts of the present case, are erroneous.
Let the judgment be reversed and the cause remanded.