CONNOR *v.* FRIERSON.

*(Nashville.* January 30, 1897.)

1. NEW TRIAL. *Continuance.*

A bill does not lie by the successful party, to impeach and set aside an order made after adjournment, entering and continuing a motion for a new trial, and to have final judgment entered upon the verdict. The order attacked is merely interlocutory, and, if improvidently or illegally made, could be vacated or set aside by the Court at the subsequent term, on motion. (*Post, pp. 184–186, 188, 189.*)

Case cited and approved: Allen *v.* Shanks, 90 Tenn., 359.

2. CHANCERY PRACTICE. *Issues for jury trial.*

When a jury trial is demanded in a chancery cause, there should be submitted to the jury such issues of fact as are determinative of the rights of the parties, and, in default thereof, the Chancellor cannot enter decree upon the verdict. (*Post, pp. 187, 188.*)

3. SAME. *Example of insufficient issues for jury trial.*

The Chancellor cannot enter decree for the complainant establishing a right of way by prescription, upon a verdict in his favor, where the issues submitted to the jury embraced merely the fact as to whether or not the complainant used the way, and as to the period of the use, without any reference to the character of such use. (*Post, pp. 186–188.*)

FROM MAURY.

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

E. H. HATCHER, GEORGE T. HUGHES & SON, and FIGUERS & PADGETT, for Connor.

W. J. WEBSTER and J. A. SMISER for Frierson.

BEARD, J.  In the year 1892 the complainant in this cause filed a bill against the present defendant in part setting up and seeking to have established, by a decree of the Chancery Court, a private right of way over defendant's land, alleging that this right was a prescriptive one resting upon a continuous, notorious, and adverse use for a much longer period than twenty years.  This bill was answered, and all of its material allegations were denied.  At the April term, 1893, upon the demand of the defendant, the cause was submitted to a jury upon issues made up and approved by the Chancellor.  The findings of the jury, in response to these issues, were returned into and received by the Court on the last day of the term.  On that day an order was spread on the minutes of the Court reciting, in substance, that the defendant, Frierson, had moved for a new trial upon certain of these issues, and that the Court being about to adjourn, for the lack of time to consider this motion, it was continued to the next term.  At the succeeding term the cause was taken up, and, after a consideration of the whole record, including the motion for new trial, the Chancellor, being of opinion that upon the issues submitted and the findings of the jury, no proper decree could be entered, *ex mero motu* adjudged that these findings

be set aside and for nought held; at the same time he formulated new issues, to be tried by another jury. To this action of the Court the complainant took his exception.

In December, 1894, the bill in the present cause was filed. Its purpose is primarily to impeach the order entering and continuing the motion for new trial made by the defendant, and to have a decree upon the issues found in his favor establishing his right of way, and perpetually enjoining the defendant, Frierson, from interfering with it. This bill, after setting out with detail the averments of the bill and answer in the original cause, the issues tried by and the responses of the jury to them, then avers that, after receiving the verdict, an adjournment of the Court was announced, and the Chancellor then left the courtroom, and that subsequent thereto, either upon the street or else at his hotel, the order in the cause reciting the motion for new trial and its continuance was handed to him for his approval by the solicitors of the defendant, and that the Chancellor, supposing it to be a consent order, directed the Clerk to enter it upon his minutes, and it was so done. The bill expressly acquits the solicitors obtaining this order, as well as the Chancellor in granting it, of all fraudulent conduct, but it is alleged that the entry of the order was oppressive and wrongful, and that it had the effect of legal fraud. Complainant avers that this was entered without his knowledge, or that of his

solicitors, and, under the facts alleged, was *coram non judice* and void. Upon these averments he asks the relief already indicated.

To this bill the defendant interposed a demurrer, embracing a number of grounds, among them that it was unknown to the forms of chancery practice and was without equity. This demurrer was overruled, and the question we have to consider is, was the Chancellor right in this action?

We think it very clear he was not. While the complainant avers he was aggrieved by the entry of this motion for a new trial and its continuance, yet he fails to show in what respect. It is apparent, if he was entitled to a decree upon the jury's responses to the issues, he could as well avail himself of this at the term succeeding as at that in which they were given. If he has any ground of complaint, it is that the Chancellor set aside these findings of the jury, and not that the cause, with the motion for a new trial, was improvidently continued. But if the Chancellor was not in error in holding these issues immaterial, and that no decree could be pronounced on the responses to them, then complainant has no just cause for criticism. We are entirely satisfied he committed no error in this holding. As heretofore stated, the theory of complainant's bill was that he was entitled to a prescriptive right of way over defendant's lands by a continuous, notorious, adverse use for more then twenty years. This was denied by the answer.

Instead of submitting to the jury an issue pertinent to this, the vital question in the case, the jury was required - to ascertain whether the road in question "had been used as the way of ingress to and egress from the lands now owned by the complainant, and, if so, then for what length of time." To the first of these issues the jury replied "Yes," and to the second, "For a period of twenty-five years." These are the issues and responses on which complainant's claim to a decree was and is predicated. They fall, however, far short of maintaining the contention of his bill, that he was entitled to an easement by prescription over the lands of defendant. They were entirely consistent with the idea that this use of this road was by permission of defendant, and without claim of right on the part of complainant. By the responses to these issues there were found but two of the series of facts necessary to make out and establish this contention. To complete his claim to this easement, he was bound to show that his use was under claim of right and adverse to the defendant. Elliott Ro. & St., 137. No issue was put to the jury embracing these essential elements in a prescriptive claim, and the Chancellor was right in adjudging that the issues submitted were immaterial, and awarding a new trial. It follows that no possible injury resulted to the complainant from the order against which he asks relief in this bill.

Before dismissing this branch of the case, it is not

improper to say that this record serves to illustrate a practice in jury trials in the Chancery Court widely prevalent, and both costly and fruitless. The purpose of such a trial, when demanded by the parties, or either of them, is to have the jury pass on issues, the responses to which will enable the Chancellor, if satisfied with them, to enter a decree settling the rights of the parties. To this end, only issues should be submitted involving questions of fact which, when found, will be determinate of the controversy. Under the English practice, as well as our own, a Chancellor, of his own motion, may submit isolated and controverted questions of fact to a jury, whose verdict will only be advisory; but where the jury comes upon the demand of either party, inasmuch as then their finding has the effect of a verdict at common law, only determinate issues should be submitted, and not fragmentary questions of fact, which, however found, will yet leave the Chancellor unable to pronounce a decisive decree. This is the nature of the issues submitted in this cause. Every one of them might have found in favor of complainant, and still the end of the lawsuit would have been no nearer reached.

But there is at least one other objection equally fatal to the present bill. The order complained of against which relief is sought was interlocutory, neither adjudging rights nor settling principles, and it was completely under the control of the Chancellor at the subsequent term of the Court. If inadvert-

Connor *v.* Frierson.

ently or improperly granted, a mere motion in the cause was sufficient to have it reconsidered (*Allen* v. *Shanks*, 90 Tenn., 359–378), or if void because entered *coram non judice*, to have had it rescinded.

We agree with the counsel for defendant in saying this bill is anomalous, unknown to the forms of chancery practice, and without equity. It was the duty of the Chancellor, of his own motion, to dismiss it, and certainly he should have done so when his attention was called to it by demurrer. His decree is reversed and the bill is dismissed.