McKinney v. Duncan.

SAMUEL C. MCKINNEY *v.* CANNON DUNCAN *et al.*

(*Knoxville.*  September Term, 1908.)

1. **EASEMENTS.** Requisites for acquirement of a road over the land of another by prescription.

To acquire the easement of a road over the land of another by prescription, there must be an uninterrupted user of the road for at least twenty years under an adverse claim of right, while the owners of the land are capable of contracting and granting the easement, and have the estate in the land which he claims to have acquired, and while all persons concerned in the estate in or out of which the easement is claimed to be derived are free from disability to resist the claim and user and are seized of the estate in fee and in possession during the requisite period. (*Post, pp.* 268-271.)

Cases cited and approved: Sharp v. Mynatt, 1 Lea, 375; Saunders v. Simpson, 97 Tenn., 385.

2. **SAME.** Same. State of facts showing right of way not to be acquired by prescription.

Where complainant's only claim to an easement of a right of way over the uninclosed land of another is based upon the fact that he had used the way continuously for thirty years, without objection from any one, and that he had obtained leave of the husband of the life tenant, who was in possession of the land, to repair the road in 1874, but without claim of an express grant of the road, and without proof of an assertion of adverse claim to it until shortly before it was closed, and where the land was in possession of a life tenant from 1870 to 1900, after which the remaindermen, or those claiming under them, were in possession for only eight years before the road was closed and suit was brought for its recovery, he had no easement of right of way by prescription. (*Post, pp.* 268-271.)

3.  **DEDICATION.**  Defined; how made; for use of public; express or implied.

Dedication is the appropriation or gift of land, or an easement therein, by the owner, for the use of the public; and it may be express, where the appropriation is formally declared, or by implication arising by operation of law from the owner's conduct and the facts and circumstances of the case.  (*Post*, p. 271.)

4.  **SAME.**  Requisites to establish implied dedication; intent of owner.

To establish dedication by implication, there must be proof of facts from which it positively and unequivocally appears that the owner intended to part permanently with his property and vest it in the public, and that there can be no other reasonable explanation of his conduct.  Dedication is a question of intention, and the intent must be clearly and satisfactorily proved.  (*Post*, pp. 271-273.)

Cases cited and approved:    Worth v. Dawson, 1 Sneed, 59; Jackson v. State, 6 Cold., 532.

5.  **SAME.**  Same.  State of facts showing no implied dedication for a road.

The mere fact that persons living in the neighborhood of a tract of uninclosed and unimproved woodland were allowed to use a passway across it, repairing it from time to time, without interruption for thirty years, does not show an intention of the owners to dedicate the way to the public.  (*Post*, pp. 272-274.)

See citations under the next preceding headnote.

6.  **SAME.**  Remaindermen are not affected by life tenant's dedication.

A life tenant cannot dedicate any interest in the fee; and the remaindermen, or those claiming under them, are not affected by any acts of the life tenant respecting a dedication of the land.  (*Post*, p. 274.)

7. **EASEMENTS.**  Not for a right of way as a way of necessity.
Private property cannot be taken and appropriated to the use of
another, however convenient and necessary it may be to him,
not even for a road as the only means of exit from one's land
to a public highway or other places in the neighborhood.  (*Post,
p.* 274.)

---

### FROM KNOX

---

Appeal from the Chancery Court of Knox County to
the Court of Civil Appeals, and by *certiorari* from the
Court of Civil Appeals to the Supreme Court.—JOSEPH
W. SNEED, Chancellor.

. J. C. FORD, for complainant.

JOHN W. GREEN and PICKLE, TURNER & KENNERLY,
for defendant Duncan.

---

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

This bill was brought by complainant, McKinney,
asserting the right to use and enjoy a right of way and
road over a tract of land belonging to the defendants
Duncan and Shipe, and to enjoin them from obstructing
it. The chancellor sustained the bill and granted the
relief prayed, and on appeal the decree pronounced
by him was affirmed by the court of civil appeals. The

defendants have brought the cause to this court by *certiorari* and assigned errors.

Complainant claims the right to use the road in question upon two distinct grounds: Prescription, arising from continuous user for more than twenty years; and dedication by the owners of the property to the public —claims somewhat inconsistent in their nature. The facts disclosed by the record are substantially as follows:

Complainant owns a tract of land in Knox county upon which he has resided for some thirty years. The defendants' land, upon which the road is claimed, is situated between that of complainant and the public road known as the "Nance's Ferry road." It is open woodland, which has never been improved or inclosed, and was formerly a part of a larger tract in which Mrs. Crawford, wife of C. Y. Crawford, had an estate for her life; the fee belonging to her children. Mrs. Crawford was married previous to 1870, and continued under coverture to her death, about eight years since. Partition of the land was then had among the remaindermen, and the part now owned by the defendants was decreed to the heirs at law of Mrs. Gill, a daughter of Mrs. Crawford, who died covert before her mother. The record does not show how the defendants acquired title, or the ages of the children of Mrs. Gill.

The road in controversy is the only one open to complainant and those living near him from their lands to the Nance's Ferry road. They have used it in going

McKinney v. Duncan.

to church, school, and other places in the neighborhood in that direction, and the city of Knoxville, continuously, for some thirty years, repairing it from time to time, for their own convenience, without objection from any one, until the defendants inclosed the land, about the time this suit was brought. Complainant says he obtained permission from C. Y. Crawford, in 1874, to repair this road, and this seems to be about all that ever passed in relation to it between the owners of the land and those using it. Complainant does not claim an express grant of the road claimed by him, and there is no proof that he ever asserted a right to it, adverse to the owners, until shortly before it was closed; nor is there any proof of an express dedication to the public. The road was not opened by the county authorities, and they have never repaired or exercised any authority over it.

We think that these facts are insufficient to support complainant's claim to an easement of a right of way by prescription.

The doctrine of prescription is clearly stated in the case of *Saunders* v. *Simpson*, 97 Tenn., 385, 37 S. W., 196, in these words:

"To give user this effect [prescriptive right] it must be uninterrupted in the land of another by the acquiescence of the owner for a period of at least twenty years under an adverse claim of right, while all persons concerned in the estate in or out of which it is derived are free from disability to resist it and are seized of

the same in fee and in possession during the requisite period. Where all these circumstances concur, it raises *prima facie* evidence of a right to such easement acquired by a grant which is now lost. Thus, there may be two distinct estates, and the owner of the one may have claimed and exercised the right of passing over the other for a period of time ordinarily requisite to give a right of way, but would fail thereby to create a presumption of a grant, if the servient estate during that period, or any considerable part of it, had belonged to a minor, or was in possession of a lessee, or one under a disability, like a married woman. The law would never presume a grant from the apparent acquiescence of one who could not have made it, or had no right to oppose the user from which it was sought to be inferred."

Complainant, therefore, to establish a prescriptive right to the easement claimed, must show that, during the twenty years he used the road, the owners of the land were capable of contracting and granting the easement, that they had the estate in the land which he claims to have acquired, and that his use of the road was under a claim of right in himself and adverse to the true owners of the property. This he has not done.

Mrs. Crawford, who was in possession of the land from 1870 to 1900, was during all that time under the disability of coverture. She only had a life estate, and could not have conveyed the land, or an interest there-

McKinney v. Duncan.

in, for a longer period, and, of course, complainant, by prescription against her, could not have acquired more than she could expressly grant. The heirs of Mrs. Gill are not proven to have arrived at their majority, and capable of contracting and conveying an interest in the land. Aside from this, they, and the defendants, had been in possession only eight years before this suit was brought, a period insufficient to raise a presumption of a grant.

Complainant has also failed to show that his use of the road was under a claim of right, hostile and adverse to Mrs. Crawford, the Gill heirs, or the defendants. This, of itself, is fatal to his claim of title by prescription. *Sharp* v. *Mynatt*, 1 Lea, 375.

We are also of the opinion that the complainant has not made out a case of dedication of the road to the public. Dedication is the appropriation or gift by the owner of land, or an easement therein, for the use of the public. It may be express, where the appropriation is formally declared, or by implication arising by operation of law from the conduct of the owner and the facts and circumstances of the case. To establish it by implication, there must be proof of facts from which it positively and unequivocally appears that the owner intended to permanently part with his property and vest it in the public, and that there can be no other reasonable explanation of his conduct. In other words, dedication is a question of intention, and the intent must be clearly and satisfactorily proven.

In the case of *Jackson* v. *State,* 6 Cold., 532, it is said:

"Dedication of a road to the public use over the waste and uninclosed lands of an individual ought not to- be inferred from bare use alone. Thus, where a road has been in existence for more that fifty years, and had originally passed entirely through woodland, the jury were instructed that the mere use by the public, however uninterrupted and long-continued, would be insufficient to constitute it a public road, but must be accompanied by facts which show the use to have been claimed as a right, and not by permission of the owner, such as working on it, keeping it in repair, and requiring the removal of obstructions. Thus, it has been held that the fact that a farmer leaves a lane through his farm for his own convenience, and permits the public to use it as a highway for fifteen years, does not warrant the inference of dedication. An intention to dedicate must be obvious, and the same act which would warrant the inference in cities and towns would be quite insufficient in sparsely agricultural districts."

The case of *Worth* v. *Dawson,* 1 Sneed, 59, is to the same effect. It is there said:

"There is no evidence in this record showing a dedication by the owner of the way in question to the use of the public, or of any such intention on his part. The proof establishes nothing more than a mere license or permission of the owner to the inhabitants of a local

McKinney v. Duncan.

neighborhood to use the pathway as a matter of favor and convenience; and such use being only by sufferance, during the pleasure of the owner, he had a right to put an end to it at any moment. No use or acceptance of the way by the public is shown, nor any recognition of it by the county court. That a right of way may be claimed by a dedication to the public use by the owner of the soil is not denied, but with us this doctrine must be cautiously admitted. Its too easy application would defeat the right of the owner of the soil to have compensation for the damages sustained by laying out a road over his land, to which he is entitled when such road is laid out by the proper authorities."

Complainant does not claim an express dedication from any of the successive owners of the land, but an implied one, because he and others living in the neighborhood were allowed to use this passway, repairing it from time to time for this purpose, without interruption, for thirty years. This is all of their case. The strip of land over which the road runs was uninclosed and in woods, and the most that can be said is that while in that condition the owners did not object to the use of it by the public. They merely permitted the use of it temporarily as a matter of favor. This is common in every part of this State, where there are uninclosed lands, and no intention upon the part of the owners to appropriate them to the public use can be implied from such conduct. They have the right at any

time to inclose them and forbid further use by the public.

The use of this road was also, for the most part, during the existence of the life estate of Mrs. Crawford, and what occurred during that time cannot in any way affect the remaindermen, or those holding under them. A tenant for life cannot dedicate any interest in the fee.

It is immaterial that the road is the only one that the complainant has to the public highway or other places in that neighborhood. This gives him no right to use the property of the defendants. Private property cannot be taken and appropriated to the use of another, however convenient and necessary it may be to him. It cannot be taken for public use without proper proceedings for condemnation, and compensation made.

The decree of the chancellor and that of the court of civil appeals are therefore reversed, and the bill dismissed, with costs.