J. M. BLAKEMORE *v.* MRS. LOU MATTHEWS *et al.**

(*Jackson.*   April Term, 1926.)

Opinion filed July 13, 1926.

1. **EASEMENT.   Right of way.   Prescription.**

The use of a private road of another, without objection, more than twenty years, does not confer an indefeasible easement therein, not based upon a claim of right, or exclusive adverse possession, or notice expressed or implied of such claim. (Post, p. 336.)

Citing: Connor v. Frierson, 98 Tenn., 183, 38 S. W., 1031; McKinney v. Duncan, 121 Tenn., 265, 118 S. W., 683; 19 Corpus Juris, 878; Saunders v. Simpson, 97 Tenn., 382, 37 S. W., 195; Coal & Iron Co. v. Coppinger, 95 Tenn., 530, 32 S. W., 465; Ferrell v. Ferrell, 1 Bax. (60 Tenn.), 329.

2. **SAME.   Same.   Same.   Adverse possession.**

Where a party bases his title upon adverse possession, the burden is upon him to sustain such contention. (Post, p. 340, 341.)

3. **SAME.   Same.   Same.**

The use must be under a claim of right established by testimony and such use must be exclusive. (Post, p. 340.)

Citing: Brown v. Brown, 14 Lea (82 Tenn.), 253, 52 Am. Rep., 291; Turner v. Turner, 2 Sneed (34 Tenn.), 27; Long v. Mayberry, 96 Tenn., 383, 36 S. W., 1040; 19 Corpus Juris, 891.

---

*Headnotes 1. Dedication, 18 C. J., sections 33, 107; 2. Easements, 19 C. J., section 71; 3. Easements, 19 C. J., section 197; 4. Easements, 19 C. J., sections 49, 51; 5. Easements, 19 C. J., section 181; 6. Easements, 19 C. J., section 181; 7. Easements, 19 C. J., section 72; 8. Easements, 19 C. J., section 181; 9. Adverse Possession, 2 C. J., section 585; 10. Easements, 19 C. J., section 181.

---

FROM GIBSON.

---

Appeal from the Chancery Court of Gibson County to the Court of Civil Appeals, and by *certiorari* to the Supreme Court.—HON. V. H. HOLMES, Chancellor.

SENTER & ADAMS, for appellants.

G. C. SHERROD, ROBT. P. ADAMS and W. R. LANDRUM, for appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill was filed by the complainant, J. M. Blakemore, asserting the right to use and enjoy a right of way over a tract of land belonging to the defendants Mrs. Lou Matthews and husband, Lee Matthews, and to enjoin them from obstructing it.

The chancellor granted the complainant the relief sought, and upon appeal his decree was affirmed by the court of appeals.

The cause was brought to this court by petition for *certiorari*, which was granted, and the cause argued at the bar of this court.

It is not alleged in the bill that the road in question was ever dedicated to the public, either expressly or impliedly, and the suit is not predicated upon that theory. But if it were the complainant would not be entitled to relief since the evidence does not clearly and satisfactorily prove an intention on the part of the owner of the

property to dedicate same to the public. *McKinney* v. *Duncan,* 121 Tenn., 265, 118 S. W., 683. Neither is the proof satisfactory as to an acceptance of the dedication.

The theory of the bill is that complainant has been in the continuous, open, and adverse possession of said roadway for more than twenty years, and has therefore, under the doctrine of prescription, obtained an indefeasible right in and to same.

Had complainant sustained the allegations of his bill he would have been entitled to the relief which was decreed him by the chancellor, but he has wholly failed to support his allegations of adverse possession by competent testimony.

The complainant's idea seems to be that, where it appers that one has traveled over the private road of another, without objection, for more than twenty years, an indefeasible easement is thereby acquired in said road. Entertaining this idea, the complainant offered no testimony to show that his use of said road was based upon a claim of right, or that he occupied same adversely to the defendants, or that he was in the exclusive possession of said road, or that he notified the defendants, either expressly or impliedly, of his claim of right to use said road. He limited his testimony to the fact that he had been continuously using said road for more than twenty years.

We have been unable to find any decision of this court holding that, in the circumstances of this case, a prescriptive right was acquired, and, upon principle, it seems to us that to so hold would be most unjust and inequitable. It would mean that one who had been kind enough to permit his neighbor, without consideration, to use his pri-

vate roadway for twenty years would thereby lose his right to withdraw such implied consent where conditions arose making it no longer desirable, and notwithstanding the fact that he was without notice or knowledge that the licensee was claiming any right or interest in such road.

Where persons travel the private road of a neighbor in conjunction with such neighbor and other persons, nothing further appearing, the law will presume that such use was permissive, and the burden is upon the party asserting a prescriptive right to show that his use was under claim of right and adverse to the owner of the land. *Connor* v. *Frierson,* 98 Tenn., 183, 38 S. W., 1031.

The case cited above sustains our conclusion, as will appear from the following quotation therefrom:

"As heretofore stated, the theory of complainant's bill was that he was entitled to a prescriptive right of way over defendant's lands by a continuous, notorious, adverse use for more than twenty years. This was denied by the answer. Instead of submitting to the jury an issue pertinent to this, the vital question in the case, the jury was required to ascertain whether the road in question 'had been used as the way of ingress to and egress from the lands now owned by the complainant, and, if so, then for what length of time.' To the first of these issues the jury replied 'Yes,' and to the second, 'For a period of twenty-five years.' These are the issues and responses on which complainant's claim to a decree was and is predicated. They fall, however, far short of maintaining the contention of his bill, that he was entitled to an easement by prescription over the lands of defendant. They were entirely consistent with the idea that this use of this road was by permission of defend-

ant, and without claim of right on the part of complainant. By the responses to these issues there were found but two of the series of facts necessary to make out and establish this contention. To complete his claim to this easement, he was bound to show that his use was under claim of right and adverse to the defendant. Elliott Ro. & St. 137. No issue was put to the jury embracing these essential elements in a prescriptive claim, and the chancellor was right in adjudging that the issues submitted were immaterial, and awarding a new trial.''

This cause also falls within the decision of this court in *McKinney* v. *Duncan,* supra, in which case it appeared that the complainant had been using the private roadway of the defendant in going to church, school, and other places continuously for more than thirty years, and one of the grounds upon which the court denied him relief was that he had failed to show that his use of the road was under a claim of right hostile and adverse to the owners of the land.

Under the head of ''Easements,'' the following statement appears in 19 Corpus Juris, 878:

''The use and enjoyment which will give title by prescription to an easement or other incorporeal right is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. That is to say, it must be adverse, under claim of right, continuous, uninterrupted, open, peaceable, exclusive, and with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period and while the owner of the servient tenement is under no legal disability to assert his rights, or to make a grant.''

The foregoing text is supported by our own cases of *McKinney* v. *Duncan,* supra; *Connor* v. *Frierson,* supra; *Saunders* v. *Simpson,* 97 Tenn., 382, 37 S. W., 195; *Coal & Iron Co.* v. *Coppinger,* 95 Tenn., 530, 32 S. W., 465; *Ferrell* v. *Ferrell,* 1 Baxt. (60 Tenn.), 329, and numerous other cases.

It will be noted that, in the first place, the use and enjoyment must be "adverse," but here, as previously stated, the complainant does not even claim in his testimony to have held this property adversely, and proves no facts that would constitute such possession.

In the second place, the use must be under a claim of right, which the complainant does not establish by his testimony. *Coal & Iron Co.* v. *Coppinger,* supra; *Brown* v. *Brown,* 14 Lea (82 Tenn.), 253, 52 Am. Rep., 169; *Railroad* v. *Hays,* 11 Lea (79 Tenn.), 382, 47 Am. Rep., 291; *Turner* v. *Turner,* 2 Sneed (34 Tenn.), 27.

In 19 Corpus Juris, 886, it is said: "In order to be adverse the use must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the soil, and such claim must be known to and acquiesced in by the owner of the ser-vient tenement. Time will not ripen a bad title into a good one unless possession is under a claim of right."

In the third place, the use must be exclusive. *Long* v. *Mayberry,* 96 Tenn., 383, 36 S. W., 1040; *Coal & Iron Co.* v. *Coppinger,* supra.

In the first case it is said: "The case at bar is easily distinguished from that case in this, that here there was no adverse possession of the land whatever. On the contrary, the right of way in controversy, the proof

showed, had been used as much by Pillow as by Mayberry."

In 19 Corpus Juris, 891, it is said: "In enumerating the elements which go to make up a prescriptive right to an easement, it is very generally stated that the user must be exclusive; and in applying this rule it is very generally held that a private or exclusive right to an easement cannot arise by prescription in favor of an individual, where it is shown that the use of such easement has been participated in by all persons living in the neighborhood, or by the general public."

It appears from the complainant's proof that he, the defendants, and the public used said road, and thus negatives any idea that he used same exclusively. We do not mean to indicate, however, that, where a party acquainted the owner with his hostile claim to the use of the road, he would not acquire an easement at the end of the prescriptive period, even though the road was used by others.

For the reasons stated, we are unable to see upon what rule of law the complainant could be decreed an easement in said roadway. His right to the use of the roadway can only be sustained upon the ground that he has a grant to the roadway under the doctrine of presumption, but this presumption is only indulged where the party has been in actual and continuous possession of the property for twenty years, holding same under such circumstances as to acquaint the owner with the fact that he is claiming it in a hostile manner and adversely to him.

It is suggested in a supplemental brief that, under some authorities referred to, where the complainant has been

using the road for the prescriptive period, the burden is on defendant to negative the presumption that the use was adverse.

That is not the law in this State, because it is settled by all of our decisions that, where a party bases his title upon adverse possession, the burden is upon him to sustain such contention.

For the reasons indicated above, we feel constrained to reverse the decree of the court of appeals, and to dismiss the bill at the cost of the complainant.