W. J. J. HOGE, et al. v. SOUTHERN CITIES POWER COMPANY.

Middle Section.   September 22, 1928.

Petition for Certiorari denied by Supreme Court, January 19, 1929.

Alan S. Kelly, of South Pittsburg, for plaintiff in error, Power Company.

P. H. Thach, of Chattanooga, and S. P. Raulston, of Jasper, for defendant in error, Hoge.

CROWNOVER, J. This action is styled incorrectly in this court. It should be styled Southern Cities Power Company, plaintiff in error v. W. J. J. Hoge, et al., defendants in error, as Hoge recovered a judgment in the court below and the Power Company has appealed in error.

This was an action to recover damages for the taking and appropriation by the defendant Power Company of a strip of land, 100 feet wide, except that part on the west side of the Sequatchie river, which is sixty-five and one-half feet wide, by 400 feet long, for a right of way on which the Power Company has erected a row of poles and placed wires thereon for an electric power transmission line of high voltage. Another count of the declaration for the burning of fences was dismissed by the plaintiffs below before the trial.

The defendant Power Company pleaded the statute of limitation of one, three, six and seven years, and not guilty.

The action was tried by the judge and a jury. At the close of all the testimony the Power Company moved for peremptory instructions, which motion was overruled, and the jury returned a verdict for the plaintiffs, fixing the value of the land taken at $1000, and incidental damages of $2000. After a consideration of the defendant's motion for a new trial, the court suggested a remittitur of $1500, being a reduction of $500 on the value of the land taken and $1000 on the incidental damages, which was accepted by plaintiffs under protest, but their appeal was not perfected. The defendant's motion for a new trial was overruled and judgment for $1500 was entered for the plaintiffs. The Power Company excepted, appealed in error and has assigned seven errors, which when summarized, are as follows: that the court erred (1) in the admission of the testimony of three witnesses on damages that the power line was dangerous; (2) in overruling defendant's motion for peremptory instructions; (3) the court charged that plaintiff's property had been taken within a year, and he took from the jury the question of whether the prior possession was adverse or permissive; and charged that the only questions for the jury were, first, the value of the land and second, incidental damages; (4) in refusing to charge defendant's request that the value of the land and damages should be fixed as of the date of the taking, and if the taking was in 1914 they should be fixed as of that date; (5) in refusing to charge defendant's request that if the taking was more than one, three or seven years before the bringing of the suit, the action was barred; (6) there was no evidence to support the verdict; and the verdict was against the weight of the evidence; (7) the verdict was so excessive as to indicate passion, prejudice and caprice on the part of the jury.

The facts necessary to be stated are that in March, 1914, Hoge and wife conveyed by deed to South Pittsburg Light Company (predecessor in title of defendant Power Company) its successors and assigns "the perpetual right and easement to erect and maintain a line of steel towers and wires, for the purpose of transmitting electric energy over and across our land (described in the tract of land and route, but no width or dimension of the right of way is stated); provided that no tower is to be set on our bottom land, so as to interfere with cultivation. That is, one tower is to be set on the east bank of said river, on the slope of the bank, and one tower on the slope of the west side of the hill, with no towers set in the bottom land, together with the right to enter upon said premises for the purpose of erecting said towers and stringing said wires and repairing or removing the same, and the right to trim or remove

such trees as interfere with said line. As part consideration to this contract the said company is to pay us or our assigns any damages we may sustain by reason of the erection and maintaining of said power line.''

This line was to cross the bottom and ridge land; about one-third of the distance was across the bottom and two-thirds across the ridge land. The company did not erect the towers, but instead began to erect a pole line, to which Hoge objected, but upon the promise of the General Manager to put up the tower line as soon as he could get to it, Hoge acquiesced and the pole line was put in, the right of way 100 feet wide was cut off, and was used until last year, when the defendant began the erection of another pole line at a distance of eight to thirteen feet south of the old line. Hoge again objected but the Power Company refused to erect the towers, then Hoge attempted to sue out an injunction but the company had almost completed the line before the injunction was served and the court therefore dismissed the bill and dissolved the injunction, whereupon complainants brought this suit for damages.

The defendant's witnesses testified that Foster, the General Manager of South Pittsburg Light Company had severed his connection with the company and had gone away ten years ago, and that the company had remained in possession of the line without objection ever since Foster left, and that while the plaintiffs might have a right of action for breach of covenants providing for the erection of steel towers, yet they could not recover damages in this suit, as the defendants had been in the possession under the deed since 1914, and had pleaded the statutes of limitations.

The first assignment of error as to the admission of testimony of witnesses that in fixing the damages they took into consideration that the power line was dangerous, is not well made for several reasons: (1) Because there is nothing in the testimony of all of these witnesses to show that the incidental damages were based on an apprehension of danger excited by negligence in the construction or operation of the power line. Our Supreme Court has held in the case of Alloway v. Nashville, 88 Tenn., 510, 13 S. W., 123, that while apprehension of danger excited by negligence in the construction or operation of the instrumentality could not be considered, yet a reasonable apprehension of danger from inherent defects and unavoidable accidents, notwithstanding skillful construction and careful operation of the improvement, in so far as it depreciated the present market value of the land not taken, is an element of incidental damages, and should be considered by the jury. (2) The court charged the jury to not consider that it was a dangerous instrumentality in arriving at the incidental damages, and; (3) The court ordered a remittitur of one-half of the verdict. Had

the admission of the testimony been error, where the defendant received the full benefit of a correct charge by a remittitur entered upon the verdict, such error is rendered harmless. See Railroad v. Martin, 113 Tenn., 266, 87 S. W., 418; Rosenbaum v. Herron, 5 Hig., 630.

We are of the opinion that the second and sixth assignments of error should be overruled as there was material evidence that the defendant within a year before the institution of this action had erected a new power line and appropriated land from eight to thirteen feet south of the old line held by verbal permission, and had cut off some other timber in addition to that cut for the old power line. See Tennessee Electric Power Co. v. Holt, 3 Tenn. App. Reps., 372. It is well settled that under such circumstances, this court will not weigh the evidence on the issues submitted to the jury.

The third assignment raises a more serious question as the court charged that the plaintiffs' property had been taken within a year before the bringing of this action, and he took from the jury the question whether the prior possession was adverse or permissive, and charged that the only questions for the jury to decide, were, first, the value of the land taken and second, incidental damages.

The plaintiffs' testimony was to the effect that the prior possession was merely a permissive possession under a verbal arrangement until this new pole line was erected last year; whereas the defendant's contention was that it held possession under the written conveyance and had merely repaired this line, by putting up new poles on the right of way conveyed in 1914, upon which posts were placed the old cross arms and transmission lines, and therefore the statute of limitations applied, but its testimony does not sustain these contentions. Its general manager testified that it had a temporary contract for the erection of the poles with an agreement that they were to be later replaced with steel towers; hence we think it clearly appears that the Power Company took posssssion and erected the pole line in 1914 under the verbal arrangement and that the possession from that time until last year when it refused to put up the towers was a permissive use, and there is no evidence to the contrary. It follows that the taking and appropriation occurred within a year of the bringing of this action, and the court's charge in this respect was correct.

The company did not take the land by virtue of its deed, but entered and put up its pole line in 1914 under a verbal arrangement, hence this case is not governed by the principles laid down in Carnegie Realty Co. v. Railroad, 136 Tenn., 300, 189 S. W., 371, because the Power Company did not enter or appropriate the right of way by virtue of said written agreement, and on the last taking

it located its line from eight to thirteen feet south of the old line, which was not the same location as the old line.

Where there was no width or dimensions of the right of way described in the deed (19 C. J., 968, sec. 204) and the line is not definitely located, the company is confined to the actual line selected and it cannot be changed without the other's consent. 19 C. J., 973, secs. 215-216. The company cannot later select another center line without being liable for another taking. Tenn. Electric Power Co. v. Holt, 3 Tenn. Apps., 372.

Where a party bases his title or right upon adverse possession the burden is upon him to sustain such contention. Blakemore v. Matthews, 154 Tenn., 334, 285 S. W., 567; Railroad v. Sharp, 141 Tenn., 146, 207 S. W., 728.

It results that the assignments numbers 3, 4 and 5 must be overruled, as the proof showed that it was a permissive use until last year, and the court's action in refusing to charge the request set out in the fourth and fifth assignments was correct, as there was no evidence to warrant such charge. We think the verdict was not excessive and it results that all the assignments of error must be overruled and the decree of the lower court affirmed. A judgment will be entered in this court in favor of Hoge and wife and against the Power Company for $1500, and interest from March 3, 1928, and all costs that accrued in the lower court. The costs of the appeal is adjudged against the Power Company and the sureties in its appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.