## SCARBROUGH v. ISHAM.—196 S. W. (2d) 73.

Eastern Section. March 16, 1946.

Petition for Certiorari denied by Supreme Court, June 29, 1946.

J. W. Stone, of Harriman, for appellant.

R. B. Cassell and D. O. Harris, both of Harriman, for appellee.

McAMIS, J. Defendant below, Fred F. Isham, appeals from an adverse decree, based upon a jury verdict, fixing the boundary line between his property and that of the complainant, James A. Scarbrough.

The principal contention raised by the assignments is that there is no evidence to support the verdict of the jury and that the Chancellor erred in not withdrawing the issues from the jury and in not decreeing in defendant's favor notwithstanding the verdict.

The defendant, here the appellant, demanded a jury and on the trial submitted a single issue: ''Is the old

Poland Hollow (Gap) Road and its junction with the old Scarbro (Scarbrough) Road located as claimed by the complainant (Scarbro) or by the defendant, (Isham)?''

The bill of exceptions shows that when the case was called for trial the parties agreed ''that the question involved is the location of the line between the complainant and defendant and that other than the question of where the line was that each party had title to the property covered by their title papers.''

██ In the supporting brief counsel for defendant contends that the old Scarbrough Road which the jury found to be the true boundary line between the two properties was moved some fifty or sixty feet north of its original location some years before the suit was filed, leaving some fifty or sixty feet of his land south of the present location. It is also insisted that the calls of the deeds to the respective properties are at variance with the finding of the jury. The first of these questions was a question of fact for the jury to determine. The other question is one of law for the determination of the court.

██ ██ Having demanded a jury, it was defendant's duty to submit appropriate and material issues to be resolved by the jury. Ragsdale et al. v. Gossett, et al., 70 Tenn. 729, 730, 2 Lea 729, 730. The issues so tendered must be so comprehensive of the questions of fact as to put in issue every material issue raised by the pleadings so that when they are determined the court will be able to pronounce a final decree upon the findings of the jury determinative of all material matters involved in the controversy. Gibson's Suits in Chancery (Higgins and Crownover), Section 549; Wright v. Jackson Construction Co. et al., 138 Tenn. 145, 196 S. W. 488; Connor v. Frierson, 98 Tenn. 183, 38 S. W. 1031.

■ Since the defendant submitted but a single issue involving the location of the Road and, particularly, whether the Road is located as claimed by the complainant or by the defendant, he must be limited to that one issue of fact and in reviewing the verdict the question for our determination is whether there is material evidence to support the verdict.

■ On this question, while the evidence is conflicting, we think there can be no serious question that the verdict is supported by material evidence.

■ The title papers of both parties call for the old Scarbrough Road. There is evidence that the location of the old Scarbrough Road has not changed for as long as fifty years before the proof was taken; that it is now located where it has always been and that there is no evidence on the ground indicating that it was ever located forty or fifty feet south of its present location as claimed by defendant. It is true there is conflicting evidence on this issue but it was for the jury to determine the credibility of the witnesses and the weight of the evidence. There was no error in refusing to withdraw this issue from the jury.

■ We are also of opinion the Chancellor was correct in holding that the calls of complainant's deed included all land south of the old Scarbrough Road as located by the jury. Complainant's land is bounded on the east by U. S. Highway Number 27, formerly known as Poland Gap road, and, as indicated, on the north by the old Scarbrough Road. His deed, executed September 24, 1940, calls for the center of the Poland Gap Road, now U. S. Highway 27, the last call being "North 4 deg. 5 Min. West 14 poles to forks of said road." As before stated, the terminus of this call, the forks of the Poland Gap and Scarbrough Roads, has not changed in the

past fifty years, according to complainant's evidence, and the call, "North 4 deg. 5 Min. West 14 poles to the forks of said road" carried to the forks of the road notwithstanding the distance called for lacked some sixty feet of reaching that point.

The rule is well settled that a call for a natural or fixed object prevails over calls for courses and distances unless to do so results in an absurd conclusion and one manifestly not intended. Disney v. Coal Creek Min. & Mfg. Co., 11 Lea. 607; Pritchard v. Rebori, 135 Tenn. 328, 186 S. W. 121; Cates v. Reynolds, 143 Tenn. 667, 673, 228 S. W. 695.

In the Rebori case [135 Tenn. 328, 186 S. W. 123], just cited, Mr. Justice Williams quoted from Section 466 of Jones on Real Property the following:

"A grant of land bounded upon a public street will be referred to the street as actually built and used, rather than to the street as shown upon a recorded plat or map. . . . It is like any other monument described as a boundary, a monument existing in fact. But where land is conveyed bounded by the line of a highway, parol evidence is admissible to show whether, by such description, the parties meant the surveyed line of the highway or the line actually used and occupied."

So, we think, in this case the Scarbrough Road is to be treated as an artificial monument and, in the absence of proof indicating a contrary intention, it must be presumed that the intention of the grantor was to convey all of the land up to the Scarbrough Road, the boundary established by the verdict of the jury.

"The safest way to ascertain boundaries is to compare the grants with the marks and natural objects on the ground." Richardson v. Schwoon, 3 Tenn. App. 512, 528.

The assignments complaining of the Chancellor's construction of the deed, for the reasons indicated, must be overruled.

 It is strongly argued that the Chancellor erred in not withdrawing the issues from the jury upon the testimony of Surveyor Staples, a witness for complainant, that "None of the land described by Fred Isham in his answer is covered by the land described in Scarbrough's deed and in the original bill in this cause." We cannot agree. The object of the suit, as defined by the agreement of the parties, was to locate the boundary on the ground and not by the title papers of the parties.

 It is also insisted that even if the issue submitted to the jury was material, the finding of the jury was not responsive to the issue. To the query as to whether the roads were located as contended by complainant or as contended by defendant, the jury answered: "The Road is at the same place it has always been."

While this finding is not strictly responsive to the issue propounded we think, under the circumstances of this case, it is sufficient. Councel for both parties seem to have considered the question of whether or not the Road had been changed the determinative question. The evidence offered by complainant was almost entirely designed to show that the Road had not been changed while defendant's evidence tended to show that it had been moved some sixty feet to the North after the deeds were executed. To determine whether the jury undrstood the issue submitted and whether the verdict of the jury is reasonably responsive to the question propounded, we think the court can and should look to the evidence to see how the issue was developed in the taking of proof. We have no doubt that the jury intended to find that the Road is located as claimed by complainant.

A verdict need not be formally and technically accurate. It will be sustained if its sense and legal effect are responsive. Robb v. Parker, Adm'x., 51 Tenn. 58, 67, 4 Heisk. 58, 67; 19 Am. Jur. 277.

Finding no error in the decree it results that the assignments must be overruled and the decree affirmed with costs.

Hale and Burnett, JJ., concur.