# NASHVILLE TRUST CO. v. EVANS.—
## 206 S. W. (2d) 911.

Middle Section.  July 26, 1947.

Petition for Certiorari denied by Supreme Court, December 8, 1947.

Walker & Hooker and Tyree B. Harris III, all of Nashville, for petitioners.

Jay C. Evans, Joseph L. Lackey and W. C. Davidson, all of Nashville, for defendant.

FELTS, J.   The Nashville Trust Company, guardian of Sallie Cooper, filed the bill in this cause in 1940, asserting a right to an easement of way over a small part of defendant's land and seeking to enjoin him from erecting a fence and obstructing the use of this easement. On May 8, 1944, L. C. Anderson and wife, who in the meantime had acquired the land of Sallie Cooper, filed their petition in this cause and were substituted in the place of the original complainant.

There is a 50-foot road running from Maxey Lane eastward for about three-fourths of a mile to the Sallie Cooper land.   For about half this distance this road forms the south boundary of defendant's land.   There is no dispute about this road or its location.   There is a spring branch which runs from the south north across this road, parallels the road for about 150 feet, then turns south and re-crosses the road, thus making a U-turn across this road.

For a long time the users of this road have been departing from the roadway, skirting around this turn of the branch, going north on defendant's land some 200 feet, and then turning back south into the roadway. Complainant, and later petitioners, alleged that their long and uninterrupted user had ripened into an easement of way by prescription over this part of defendant's land.   Defendant denied this and the sole issue is whether they had acquired such easement.

After an oral hearing according to the forms of chancery, the chancellor found in favor of petitioners, decreed them the easement claimed, and granted the injunction sought.   Defendant saved a bill of exceptions, appealed, and has assigned errors.

The land on both sides of the road formerly belonged to the late William F. Cooper, Chancellor and later a

member of our Supreme Court. In 1911 this land was partitioned among the Cooper heirs, a tract of some 40 acres was allotted to Sallie Cooper, and the land now owned by defendant was allotted to Martha Cooper. A plat of the partition was filed in the office of the clerk and master of Davidson County, and a copy of it is sent up as Exhibit 1 to the deposition of L. C. Anderson. In this partition the 50-foot road was surveyed and is shown on this plat. This turn of the branch as it crosses and then re-crosses the road is also shown on this plat.

The proof shows that for some thirty-five years the former owners of the land now owned by petitioners, together with their tenants, have been using this 50-foot road. As stated, there is no controversy about this road or its location. The proof also indicates that the land owned by defendant was unenclosed and uncultivated, and that for most of this period travelers have been departing from the road and going around the bulge of the branch upon defendant's land. But there was no proof that this use of his land was under any adverse claim of right. At most, it shows such use was merely permissive. The chancellor found: "The proof clearly shows that the public had used the bulge on defendant's property around the branch continuously, openly and notoriously, and with knowledge of the owner, since 1911."

We think this was insufficient to establish an easement by prescription. In McKinney v. Duncan, 121 Tenn. 265, 118 S. W. 683, complainant and those living near him had been using a road over defendant's lands for some thirty years; but since there was no showing that such user had been under any adverse claim of right, it was held insufficient to create an easement by

prescription. The Court, quoting from Saunders v. Simpson, 97 Tenn. 382, 385, 37 S. W. 195, 196, stated the requisites of acquiring an easement by prescription to be as follows: " 'To give user this effect (prescriptive right) it must be uninterrupted in the land of another by the acquiescence of the owner for a period of at least 20 years under an adverse claim of right, while all persons concerned in the estate in or out of which it is derived are free from disability to resist it and are seized of the same in fee and in possession during the requisite period. Where all these circumstances concur, it raises prima facie evidence of a right to such easement acquired by a grant which is now lost. . . .' " (121 Tenn. at page 269, 118 S. W. at page 684.)

Likewise, in Blakemore v. Matthews, 154 Tenn. 334, 285 S. W. 567, the Court held that complainant's continuous and uninterrupted user of a road over defendant's land for more than twenty years was insufficient to creat an easement by prescription, because there was no showing that such user had been adverse. In this case the Court quoted with approval from 19 C. J. 878, as follows: " 'The use and enjoyment which will give title by prescription to an easement or other incorporeal right is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. That is to say, it must be adverse, under claim of right, continuous, uninterrupted, open, peaceable, exclusive, and with the knowledge and acquiescence of the owner of the servient tenenment, and must continue for the full prescriptive period and while the owner of the servient tenement is under no legal disability to assert his rights, or to make a grant.' " 154 Tenn. at page 338, 285 S. W. at page 568. [See also 28 C. J. S., Easements Sec. 10.]

■ It is well settled that no length of user of a way by one over another's land will ripen into a prescriptive easement unless such user was adverse, under a claim of right, and not merely permissive. Bowless v. Chapman, 180 Tenn. 321, 175 S. W. (2d) 313, and cases there cited; Lewisburg v. Emerson, 5 Tenn. App. 127.

But it is urged that the road here in question was a public road and that the public may acquire an easement by prescription without any showing that the user was adverse, under a claim of right, and not merely permissive. In the first place, we think the proof fails to show that this was a public road; and in the second, if it were the same rule is applicable as in the case of private roads. In Henderson v. Alloway, 3 Tenn. Ch. (Cooper's) 688, 694, Chancellor Cooper himself said: "I do not understand that the public can acquire a right of way by mere use which is not adverse. Jackson v. State, 6 Coldw. 532; Scott v. State, 1 Sneed 629; Mathis v. Parham, 1 Tenn. Ch. 533. In order to work this result, there must be an intention to dedicate the way to the public. Worth v. Dawson, 1 Sneed 59."

■■ It is true that the survey, the laying out of this 50-foot road, and the recording of this plat showing this road may have amounted to a dedication by the owners of the property of the 50-foot roadway. But this was a dedication of the road as laid out, negativing any intention to dedicate the departure from the road upon defendant's land. In McKinney v. Duncan, supra, the Court, speaking of a dedication of an easement for the public use, said: "It may be express, where the appropriation is formally declared, or by implication arising by operation of law from the conduct of the owner and the facts and circumstances of the case. To estab-

lish it by implication, there must be proof of facts from which it positively and unequivocally appears that the owner intended to permanently part with his property and vest it in the public, and that there can be no other reasonable explanation of his conduct. In other words, dedication is a question of intention, and the intent must be clearly and satisfactorily proven." (121 Tenn. at page 271, 118 S. W. at page 684.)

█ In the present case the most reasonable explanation of the conduct of defendant and his predecessors in title is that they merely allowed a permissive use in turning from the road upon that land.

Petitioners rely upon, and the chancellor seems to have followed, Le Roy v. Leonard, Tenn. Ch., 35 S. W. 884. With deference, we think that case affords no support to the claim of petitioners. It seems to have gone upon the idea that the owner of the land had dedicated the road to the public, the Court finding the circumstances sufficient to evidence an intention to dedicate. The decision was rested upon Bloomstein v. Clees, 3 Tenn. Ch. 433, where adjacent landowners had signed a written contract to open a road and operate a ferry.

Le Roy v. Leonard, supra, is authority to support the proposition that the conduct of the partitioners—the surveying, the laying out of this road, and the recording of the plat—amounted to a dedication of this 50-foot road. But if that case can be said to support the proposition that the mere permissive use of the land now owned by defendant in going around this bulge of the branch constituted a dedication, it is contrary to earlier and later decisions of our Supreme Court which hold that a dedication will not be inferred from mere permissive use of unenclosed land. Worth v. Dawson, 33 Tenn.

59; Jackson v. State, 46 Tenn. 532, 535; McKinney v. Duncan, 121 Tenn. 265, 272, 273, 118 S. W. 683; Bowles v. Chapman, 180 Tenn. 321, 324, 325, 175 S. W. (2d) 313, 314.

The decree of the chancellor is reversed and a decree will be entered here dismissing the suit and taxing all the costs of the cause against petitioners and their surety on their cost bond.

Howell and Hickerson, JJ., concur.