Saunders *v.* Simpson.

SÁUNDERS *v.* SIMPSON.

(*Knoxville.* October 5, 1896.)

BURDEN OF PROOF. *Complainant must affirmatively show prescription.*

The burden is upon a complainant who seeks to establish a right of way by prescription, to show affirmatively that during the entire prescriptive period the owners of the servient estate were competent to convey a title, at least when the owner, at the time the adverse user commenced, was under disability of coverture.

Case cited and approved: Ferrell *v.* Ferrell, 1 Bax., 329.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

SHEPHERD & FRIERSON for Saunders.

EAKIN & DICKEY for Simpson.

McALISTER, J. This bill was filed in the Chancery Court of Hamilton County by the complainant, James Saunders, for the purpose of enjoining the defendants against closing a road over their premises. Complainant claimed a right of way or easement by prescription over this land. The Chancellor

granted the relief asked, but, on appeal, the Court of Chancery Appeals reversed the decree and dismissed the bill. Complainant appealed to this Court and has assigned errors.

The facts found by the Court of Chancery Appeals are that, many years ago, prior to the war, one Barclay McGhee owned a farm of some 1,400 or 1,500 acres, situated in Hamilton County. After his death this farm was partitioned among his children, but when partition was made record fails to show. On March 14, 1871, complainant, by purchase from one of the daughters, became the owner of one share or lot, and immediately took possession. The main road leading to Chattanooga through this section was the Shallow Ford Pike. Harrill, Jones, and defendants all own parts of the McGhee farm, the defendants having purchased July 3, 1876, from one of the McGhee heirs, a married woman. At the time of his purchase complainant found an old road leading from his house on the place and running between the land now owned by Harrill and that now owned by Jones and across the lands of defendants to the Shallow Ford Road. From 1871, when he purchased, until 1894, when this bill was filed, complainant uninterruptedly used this road, claiming to use it, as he says, as a matter of right, and, as far as the proof shows, without any permission from the defendants or those under whom they claim. He used it as a way to reach the Shallow Ford Pike, and, in that way, Chattanooga,

his nearest market, and as a means of ingress and egress to and from his land. As a matter of fact, it has been so used by people living where complainant lives for many years before complainant bought. The part of the road in dispute is that which crosses the land of defendants. The remainder of the road is on the line between Jones and Harrill, and, for ten or twelve years, has been fenced in on each side, making a lane. The disputed portion is not fenced, but is a continuation of this lane.

The Court of Chancery Appeals held, as a matter of law, that it was incumbent upon camplainant to show affirmatively that during the whole period of twenty years the owners of the land now claimed by defendants were under no disability, and that since it appeared from the record that before the prescriptive period of twenty years had run the land was owned by a married woman, this fact would defeat the easement. The Court of Chancery Appeals said, viz.: "It further appears that the defendants in this case bought the land which they claim from a married woman, one of Barclay McGhee's daughters, in 1876. Complainant, it will be remembered, commenced to use the road in 1871, and continued to use it until 1894, when this suit was begun. The Court of Chancery Appeals was of opinion the proof failed to show any uninterrupted period of continuous adverse user of this right of way for a period of twenty years against parties free from disabilities."

The contention of counsel for appellant is that disability is not to be presumed in any case, but must be proven by the party relying on it. The argument is that twenty years user gives the right of prescription. The exception is in case of disabilities, and counsel insists the burden is on the defendants.

On this subject Mr. Washburn, in his work on Real Property, Vol. II., says: "To give user this effect (prescriptive right) it must be uninterrupted in the land of another by the acquiescence of the owner, for a period of at least twenty years, under an adverse claim of right, while all persons concerned in the estate in or out of which it is derived, are free from disability to resist it, and are seized of the same in fee and in possession during its requisite period. Where all these circumstances concur, it raises a *prima facie* evidence of a right to such easement acquired by a grant which is now lost," etc. Cited in *Ferrell* v. *Ferrell*, 1 Bax.

"Thus," continues the author, "there may be two distinct estates, and the owner of the one may have claimed and exercised the right of passing over the other for the period of time ordinarily requisite to give a right of way, but would fail thereby to create a presumption of a grant if the servient estate, during that period or any considerable part of it, had belonged to a minor, or was in possession of a lessee, or one under a disability like a married woman. The law would never presume a grant from the apparent acquiescence of one who

could not have made it, or had no right to oppose the user from which it was sought to be inferred.'' Washburn on Real Property, Vol. II., p. 302 (4th Ed., 1876). See, also, Washburn on Easements and Servitudes (3d Ed., 1873), p. 163.

The Court of Chancery Appeals found ''that Mrs. Lavinia Jones, the vendor of defendants, is described as a married woman, and her privy examination was taken and certified by the clerk of the Court, and that the deed recites that she is the daughter, devisee, and heir at law of Barclay McGhee, deceased, and conveys that portion of the land devised to her and set apart in the partition proceedings, and we have no doubt (and there is nothing to rebut this view), that at the time of the execution of the deed October 16, 1886, she was a married woman.'' It is true the disability of this married woman, who is not a party, is not set up in the answer of defendants, but in our view of the case this was not necessary. The whole doctrine of an easement by prescriptive right is bottomed upon the presumption of a grant, and if the owner of the servient estate was laboring under a disability, so that she could not assert and enforce her rights, no presumption of a grant arises from adverse enjoyment of the estate. We think it was a part of complainant's case to show affirmatively that during the whole of the prescriptive period the owners of the servient estate were competent to convey a title.

Affirmed.