McGAMMON v. BROOKS et al.—67 S. W. (2d) 173.

Eastern Section. July 29, 1933.

Petition for Certiorari denied by Supreme Court, October 14, 1933.

340

Jennings & Wright, of Knoxville, for appellant.
White & Leonard, of Knoxville, for appellees.

SENTER, J. The complainant, Thomas E. McGammon, filed the bill in this cause as one of the children and heirs at law of William McGammon, deceased, against Mrs. Angie Brooks, and husband, Edwin Brooks, and John H. McGammon, for the purpose of having a small tract consisting of about eleven acres of mountain land sold for division among the heirs at law of said William McGammon, deceased. The bill alleged that William McGammon died in June, 1930, seized and possessed in fee of the tract of land involved, leaving surviving him complainant and defendant John H. McGammon, his son, and Angie Brooks, wife of Edwin Brooks, a daughter, as the only heirs at law, and Mary E. McGammon, his wife, who died in February, 1931. The bill alleged that the complainant and defendants Angie Brooks and John H. McGammon are each entitled to a one-third undivided interest in said land as the surviving heirs at law of said deceased, William McGammon; that the small tract of land is not so situated or of such character as to be subject to partition in kind.

The defendant Mrs. Angie Brooks and husband, Edwin Brooks, by their answer admitted the death of William McGammon and that he left the three surviving children as alleged in the bill. By their answer these defendants deny that William McGammon died seized and possessed in fee of the land referred to in the bill, and claim that in January, 1917, the said William McGammon made a parol gift of this small tract to these defendants, and that the said William McGammon placed the defendants in possession of the land, that thereupon in January, 1917, the defendant Edwin Brooks entered into actual possession of the land and cleared a portion of it and fenced the land and had been in the possession of the same continuously since January, 1917, and that said possession had continued since that time, openly, continuously, notoriously, and adversely, and pleaded the statute of limitations of seven years (Code 1932, section 8584).

Proof was taken by depositions by the respective parties, and the cause was heard by the chancellor. At the hearing of the cause, the chancellor held and so decreed that William McGammon had made a parol gift of the land to defendant Edwin Brooks about January, 1917, and placed him in possession of the land, that said Edwin Brooks entered into possession of the land involved in 1917, cleared a portion of it, and fenced it, and since that time had been continuously in possession of the land, and sustained the parol gift and the plea of the statute of limitations, and dismissed the bill at the cost of complainant.

John Brooks does not seem to have answered the bill, nor does there appear that an order pro confesso was taken against him, and he did not testify in the case.

From the decree of the chancellor in dismissing complainant's bill at the cost of complainant, the complainant prayed and was granted an appeal to this court, which appeal has been duly perfected and errors assigned.

By the several assignments of error it is urged that the chancellor was in error in finding and decreeing that the property involved was given to Edwin Brooks by parol gift, in about 1917, and that since that date defendant Edwin Brooks has held and claimed undisputed possession of the property, and that the statute of limitations barred the right to repudiate said gift, and that the heirs of said William McGammon are now barred from any right of action to recover possession and title to said property; that the chancellor also erred in not finding and decreeing that the statute of limitations was insufficiently pleaded, and that there was insufficient evidence in the record to sustain the adverse possession relied upon by the defendant Edwin Brooks; and that the chancellor should have decreed that complainant was the owner of a one-third undivided interest in said land, and entitled to have his bill maintained to sell the land for division.

It appears from the record that the defendant Edwin Brooks married Angie McGammon, the daughter of the deceased, William McGammon, in Florida, in 1916, and soon thereafter Edwin Brooks and his wife, Angie, returned to the home of William McGammon for the purpose of making their home with the parents of Mrs. Angie Brooks. William McGammon owned several parcels of land in the vicinity of the tract involved. The tract involved contains between nine and eleven acres of land, and is referred to as the ''mountain'' or ''Nichols'' tract. We think that the record shows by a decided preponderance of the evidence William McGammon made a parol gift of this tract of land to his son-in-law, Edwin Brooks, and placed him in possession of the same about January, 1917. There is very little conflict in the evidence on the question of the gift, although William McGammon did not execute a deed of conveyance to Brooks. However, William McGammon procured a survey of the small tract to be made, and, after it was surveyed and the lines established, Edwin Brooks entered into the possession of the land. and bought wire and had chestnut posts cut from the land and fenced it except on one side where there was a steep bluff or incline which rendered it unnecessary to fence, as it operated as a natural barrier. He also had a part of the land cleared and planted a crop on the cleared portion in 1917. He, with his wife, was living in the home of William McGammon at that time and con-

tinued to live there all the time until the winter of 1927, when Edwin Brooks and his wife went to Florida to spend the winter. They returned in 1928, and continued to live in the home of William McGammon and wife, the parents of Mrs. Brooks, and occupied a part of the McGammon house. Edwin Brooks and his wife spent most of the time after 1928 in Florida. It appears that the land was a very poor quality and not very productive, and Edwin Brooks decided that it was more valuable for the timber and wood and not suited for farming purposes. The land was and is of but little value, probably worth about $150 at the time the proof was taken in the cause in 1932. William McGammon bought the property for $100. The portion of the land which Brooks cleared has since grown up in old field pine, and the balance is timber.

It is the contention of complainant that, if there had ever been a parol gift of this land to Edwin Brooks by William McGammon, Brooks had abandoned the land and had not cultivated it, or any portion of it, since 1917, and that he never fenced the entire tract, and that the fencing which he did had become dilapidated and was down in many places, and that Brooks had exercised no rights of ownership over the land for several years.

We think it clear from the record that, after the parol gift was made in 1917, Brooks entered into the possession of the property and expended $60 in the purchase of wire with which to fence the tract; that it was fenced except where there was a very precipitous side that operated as a barrier and rendered it unnecessary to fence at that place; that he cut chestnut fence posts from the tract which were used in fencing the land. He also cleared a portion of the tract that could be put in cultivation, and did put that portion in cultivation in 1917 and probably in 1918, but since that time Brooks has not cultivated the land, but has cut some timber from it and firewood. He cut and sold cross-ties from the land even after the death of William McGammon.

Complainant further contends, however, that William McGammon paid the taxes on the land and continued to do so until his death. The defendants contend that there was a marble lease given on other lands owned by William McGammon and which he had given to his children, but that he collected the marble royalties or lease annually, which was originally $100, but subsequently reduced to $50, and paid taxes on all the property including this small parcel, which was also assessed to him, and that the taxes on the small parcel claimed by defendant Edwin Brooks only amounted to $1.50 to $2 a year. We think this contention is supported by a preponderance of the evidence.

Without going into a further discussion of the evidence we are of the opinion that Edwin Brooks has been in the open, notorious, con-

tinuous, and adverse possession of the property since he acquired the same by parol gift from William McGammon, claiming the same as his own, and has exercised usual rights of ownership. This was the conclusion reached by the chancellor as set forth in his decree.

We are further of the opinion that this case is ruled by the holding of the court in the case of Choate v. Sewell, 142 Tenn., 488, 221 S. W., 190, wherein it is said:

"Thompson Shannon Code, section 4458, providing that no person or any one claiming under him shall have any action for any lands, tenements, or hereditaments but within seven years after the right of action has accrued, applies to a parol gift of land where the donee has entered into possession with the donor's knowledge and is claiming adversely and to all the land embraced in the parol gift, whether it is under inclosure or not, the statute running against the right of repudiation."

It results that we find no error in the decree of the chancellor, and it is accordingly affirmed. Appellant and sureties on the appeal bond will pay the cost of this appeal.