TUGGLE *et al. v.* DAVIES *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed July 15, 1950.

JAMES M. MANIRE, BURCH, PORTER & JOHNSON, and EUGENE P. BOYD, all of Memphis, for complainant Sophie Tuggle.

TAYLOR & TAYLOR and ROBERT E. JOYNER, all of Memphis, for defendant Everlina Brock Davies.

C. C. GILLESPIE, of Memphis, for defendant Marjorie Gates.

CANADA, RUSSELL & TURNER, of Memphis, for defendant Union Planters National Bank & Trust Company, Trustee.

Mr. Justice Gailor delivered the opinion of the Court.

The bill in this cause was filed to enforce the right to the use of a certain strip of property for road purposes on allegation of a right by prescription and user for more than 20 years. After hearing the case, the Chancellor held that the evidence sustained the prayers of Complainants' bill, and that Complainants were entitled to the use of of the right-of-way by prescription. On appeal, by the Defendants, the Court of Appeals again reviewed the evidence and affirmed the Chancellor. The petition for certiorari recognizes the conclusiveness of the concurrent finding of fact by the two lower Courts, and presents one assignment of error on a point of law, which is:

"The Court of Appeals erred in holding that the burden of proving the successive owners of the servient estate during the prescriptive period is upon the owner of the servient estate."

We infer that an incident was proof that successive owners were *sui juris* and under no disability.

There is no pleading or evidence that actually any one of the successive holders and owners of the servient estate was under disability during the acquisition of

the prescriptive right. In the absence of such proof, the question raised by the petition is whether it was incumbent on Complainants as part of their case to allege and prove that the successive owners of the servient estate were *sui juris* and under no disability, *Saunders* v. *Simpson,* 97 Tenn. 382, 386, 37 S. W. 195, or whether the following is the applicable rule of law:

"Therefore, in the absence of proof upon the subject, it will be presumed that the owners of the land were in a situation to be bound, and where this prescriptive right is pleaded and the opposite party desires to show that the owners of the land were not sui juris or capable of granting the right, it will be incumbent upon them to plead and prove the fact." *Davis* v. *Louisville & N. R. Co.,* 147 Tenn. 1, at page 17, 244 S. W. 483, at page 488.

In the case of *Saunders* v. *Simpson,* supra, it was inferred by the Court of Chancery Appeals, although there was no supporting plea or competent proof, that because one of the owners of the servient estate had acknowledged a deed by privy examination, that she was a married woman and so under disability. The Court of Chancery Appeals found that there had been no adverse uninterrupted possession for more than 20 years because of the ownership of the married woman, since ". . . the law would never presume a grant from the apparent acquiescence of one who could not have made it, or had no right to oppose the user from which it was sought to be inferred." Washburn on Real Property, Vol. II, p. 302, 4th ed.).

The Supreme Court in the opinion by Judge Mc-Alister, however, did not base its affirmance on that point, but on the following:

"It is true, the disability of this married woman who is not a party is not set up in the answer of defendants, but in our view of the case this was not necessary. The whole doctrine of an easement by prescriptive right is bottomed upon the presumption of a grant, and if the owner of the servient estate was laboring under a disability, so that she could not assert and enforce her rights, no presumption of a grant arises from adverse enjoyment of the estate. *We think it was a part of complainant's case to show affirmatively that during the whole of the prescriptive period the owners of the servient estate were competent to convey a title.*" (Our emphasis.) *Saunders* v. *Simpson,* 97 Tenn. 382, at page 386, 37 S. W. 195, at page 196.

It is impossible to reconcile this statement of law with that made in *Davis* v. *Louisville & N. R. Co.,* supra. However, the opinion of *Davis* v. *Louisville & N. R. Co.,* supra, is the latest expression by this Court, and the unanimous opinion was delivered by Special Judge L. D. SMITH, who was an eminent authority on Tennessee Land Law. `Apparently, he considered the statement of Judge McALISTER quoted above, since in the course of the opinion in the Davis case, he cites *Saunders* v. *Simpson,* supra, but cites it for the purpose of supporting the rule, ". . . that in order to establish a right by prescription the acts by which it is sought to establish it must operate against persons capable of making a grant; the person owning the estate affected must be in a condition to resist it."

■■ The fact that disability of one of the owners or holders of the servient estate defeats the acquisition of the prescriptive right, is an exception to the law of prescription. It is an affirmative defense. Judge SMITH,

in the opinion in *Davis* v. *Louisville* & *N. R. Co.*, supra, compares it with a similar exception to the operation of the Statute of Limitations, and holds that since it is an affirmative defense, the burden of proving it is upon the party who seeks to raise the question. This statement is in accord with general law and being the later decision of this Court, is binding upon us. Insofar as the decision of *Saunders* v. *Simpson*, supra, is inconsistent with *Davis* v. *Louisville* & *N. R. Co.*, supra, it is overruled and the rule as quoted from *Davis* v. *Louisville* & *N. R. Co.*, supra, is affirmed.

Writ denied.

All concur.