RALPH D. PYRON and Wife, IRMA PYRON, Appellants, v. RAYMOND O. COLBERT, Appellee.—328 S.W. (2d) 825.

No. 6 Shelby Equity.

Western Section.   July 24, 1959.

Certiorari Denied by Supreme Court October 2, 1959.

W. C. Rodgers, Memphis, for appellants.

Feuerstein & Feibelman, Memphis, for appellee.

BEJACH, J. This cause involves an appeal by Ralph
D. Pyron and Irma E. Pyron, his wife, from a decree of
the Chancery Court of Shelby County dismissing an in-
junction bill filed by them against appellee, Raymond O.
Colbert, and dissolving a temporary injunction which
enjoined Colbert from constructing a fence along the
north line of his property at 4389 Highway 61 S. in Shel-
by County, Tennessee, and thereby cutting off a part of
the driveway which the Pyrons had previously used for
entrance to and exit from their property at 4375 High-
way 61 S. For convenience, the parties will be referred
to, as in the lower court, as complainants and defendant,
or called by their respective names.

The assignments of errors filed by complainants, as
appellants in this court, style the cause "Ralph D. Pyron,
et ux., Appellants vs. Raymond O. Colbert, et ux., Ap-
pellees"; but the wife of Raymond O. Colbert was not a
party to this suit, either in the lower court or in this
court. It is true that complainants, by amendment to

their original bill filed July 22, 1958, allege, "Complainants now show to the Court, that they are entitled to have the wife of defendant Raymond O. Colbert made a party hereto by reason of the fact that he sets up in his answer that she is a joint owner of said property with him, which appears as a fact, as shown by their deed, dated October 2, 1954, of record in Book 3381 on page 48 in the Register's office in Shelby County, Tennessee, a photostatic copy of which is hereto attached marked Exhibit A, to which particular reference is made as a part hereof"; but no process was issued for Mrs. Colbert and no appearance was entered for her.

It may be that the failure to make Mrs. Colbert a party defendant would not be fatal, if complainants were entitled to prevail in this cause. In the unreported case of McCollum v. Melton, May 23, 1957, with no petition for certiorari filed, this court held on authority of Gardner v. Quin, 154 Tenn. 167, 289 S. W. 513; Hux v. Russell, 138 Tenn. 272, 197 S. W. 865; and Stegall v. City of Chattanooga, 16 Tenn. App. 124, 66 S. W. (2d) 266, that, without joining his wife as party complainant, a husband could maintain a suit for damage to property held by him and his wife as tenants by the entireties. It is not necessary to decide, in the instant case, whether or not the converse of that situation would also be true; that is, whether a suit may be maintained against the husband alone without joining the wife as defendant. In the instant case, the Chancellor denied relief to complainants, not because of the failure of complainants to make Mrs. Colbert a defendant, but because the contentions of complainants were otherwise without merit. This court agrees with the ruling of the Chancellor, which makes it

immaterial whether or not Mrs. Colbert should have been made a party defendant.

This cause was started while Hon. Rives A. Manker was Chancellor of Part I of the Chancery Court of Shelby County, and the issues were made by pleadings filed during his term of office; but the stipulation to try the cause on oral evidence was filed after Chancellor Robert A. Hoffmann had taken office; and the hearing of the cause was before him.

In their bill filed July 2, 1958, complainants alleged that they purchased their property at 4375 Highway 61 S., in Shelby County, Tennessee January 22, 1952, and that they purchased along with said property the sole and only driveway or roadway thereto into Highway 61, and that it was represented to them that said driveway was a part of the property which they were purchasing. Their bill alleges that said driveway was built, maintained, and improved by their predecessor in title, more than ten years before the filing of the bill, and that complainants and their predecessor in title have had open, notorious, and adverse possession of same during said period of ten years. The bill alleges that defendant purchased the property at 4389 Highway 61 S., which is immediately south of and adjoins complainants' property, about three years before the filing of the bill, and that complainants did not know until a short time before the filing of the bill that defendant claimed any right to or interest in the property occupied by said driveway; but that after they did learn of such claim, a survey was made which shows a part of the driveway in question to be on the property of defendant. A copy of the survey is exhibited with the bill, and was proved at the trial;

but complainants claim that by adverse user for more than seven years, they are entitled to retain the use of said driveway over that portion of defendant's land which it occupies. The bill alleges that defendant had recently erected a fence along the north line of his property which enclosed that portion of the driveway included in his land and had thereby completely destroyed complainants' means of ingress and egress from and to the highway. A temporary injunction was sought and obtained which required the removal of defendant's fence pending the hearing of this cause.

On July 7, 1958, Raymond O. Colbert, as defendant, filed a demurrer and answer. He demurred on the ground that complainants' bill and the survey attached thereto clearly show that complainants have neither ownership nor color of title to the property of defendant and his wife, and that there is no allegation that any rights have been obtained by prescription. Defendant's answer denies adverse user by reason of part of the driveway being on his land, and claims that the use thereof was a permissive use. In his answer, defendant refers to and makes a part of same, an affidavit of his predecessor in title, Bruce Embry, which affidavit is attached to and made an exhibit to the answer. The affidavit of Bruce Embry states that from 1947 until October 1954 he was the owner of the tract of land now owned by defendant, and that the north line of his property was the south line of the property of Warren Hazel, who later sold to Ralph D. Pyron and wife. The affidavit says that in the spring of 1951, Warren Hazel, assisted by his father-in-law, R. T. Leech, constructed a driveway across the northeast corner of what was then affiant's property; that neither he nor Mr. Hazel knew exactly how much of affiant's

property was traversed by the driveway, but that construction was done with the clear understanding that Mr. Hazel acquired no title to affiant's property, that the use of same was a permissive use, and that neither Mr. Hazel nor his successor in title, Mr. Pyron, ever used this property adversely to affiant. The affidavit of Bruce Embry is corroborated by an affidavit of R. T. Leech, father-in-law of Warren Hazel, which corroborates the affidavit of Bruce Embry, and which affidavit of R. T. Leech is also made an exhibit to and part of defendant's answer. At the hearing of the cause, both Bruce Embry and R. T. Leech testified as witnesses in behalf of defendant and reiterated the statements made in their said affidavits.

A stipulation was filed September 11, 1958 which agreed that the cause might be tried on oral testimony. The cause was so tried January 22, 1959, and on March 2, 1959, a bill of exceptions preserving the testimony was filed.

From the testimony adduced, it appears that all of the land owned by both complainants and defendant was formerly owned by Walter N. Hazel, that he conveyed the land now owned by defendant to Bruce Embry, that he subsequently conveyed to his son, Warren Hazel, the land now owned by complainants, and that he still owns land to the north of complainants' property. The land now owned by defendant was conveyed to Embry in 1946. Embry built on his property in 1946 and 1947, and Warren Hazel built on his in 1948. While Warren Hazel was building, by permission, he used the property of Embry for ingress and egress; and, after he had finished building his home, he constructed a driveway, which is the driveway now in dispute. Said driveway was constructed

by Warren Hazel with the assistance of his father-in-law, R. T. Leech, who testified as a witness for defendant. It appears from his testimony that he and his son-in-law realized that they had encroached on the property of Embry, in building the driveway, and so advised him; whereupon, it was agreed that Warren Hazel might continue to use, permissively, the land of Embry occupied by the driveway. Walter N. Hazel, father of Warren Hazel, testified that when complainant, Ralph D. Pyron, purchased his land from Warren Hazel, that he, Walter N. Hazel, said to complainant Ralph Pyron, ''Ralph, there is a question about the line, Mr. *Emery's* line there, I said, if they come over and take part of that you just come over on mine that much further, because the deed calls for 200 feet from Embry's north line, and he would just bring it that much further on me if that happened.'' The property at that time had not been surveyed. Walter N. Hazel also testified that his son, Warren Hazel, is in the Air Corps and located at Smyrna, Tennessee. He testified further that he helped his son-in-law build the driveway, and that he heard a conversation between his son-in-law and Bruce Embry, the substance of which was, ''Warren had talked to Embry about it and said, 'We must be over a little bit.' And he said, 'Yes, I think we are. As long as we live here that is all right.' ''

Defendant Raymond Colbert testified that when he bought his property from Bruce Embry, Embry said, ''Now you understand that half of this drive is on you. We know that. He said when Warren bought the property and put the driveway in, that he got over a little too far. He said, he was running short of cash and all, and they just let it go on good terms.'' He said that he had discussed the matter with Mr. Pyron and had told

him, "just what Bruce told me when I bought the property." He said he had such discussion with Pyron, probably a year after he bought the property. He said he had bought some calves and wanted to put up a fence, and erected the fence on the south side of the driveway, although that made it crooked. He said that at that time he discussed the matter with Pyron and built the crooked fence south of the driveway so as to permit Pyron to continue to use the driveway. He said that a short time before building the fence which precipitated the present lawsuit, he had a written statement prepared for Pyron to sign which would have granted him the permissive right to continue to use the driveway, which agreement Pyron refused to sign. It was after Pyron refused to sign this paper, that defendant decided to and did build the fence which precipitated the present lawsuit.

■ Complainants, as witnesses, denied any notice to them that the driveway in question was encroaching on the property of defendant; but, evidently, the Chancellor decided that the preponderance of the evidence was with the defendants, and we concur.

On January 30, 1959, a final decree was entered which dismissed complainants' original bill and their amendment thereto with prejudice and dissolved the temporary injunction previously granted. Said final decree recites:

"It appearing to the Court from all of the pleadings and proof in this cause that the allegations in the original bill and amendment thereto are not sustained by the proof; that the complainants have no rights whatever in the land of the defendant either by easement or estoppel; and that the com-

plainants have no rights whatever to have enjoined the defendant against the full use and enjoyment of his property, and that the defendant should be allowed the full use and enjoyment thereof free from the claims of complainants.''

From the final decree, complainants prayed and have perfected their appeal to this court. Here they have filed three assignments of error which are as follows:

''Assignment of Errors

''I.

''The Chancellor erred in finding and holding that appellants had not established a right to the driveway, in question, by reason of more than seven years claim, possession, and adverse user thereof, because this was established by all witnesses, and the law entitled them to continue possession and use thereof.

''II.

''The Chancellor erred in holding appellees not estopped to deny appellants the continued use of said driveway, because, even on appellees theory, the permission claimed, if granted at all, was granted after the completion or substantial construction of the driveway. And by reason of their consent to, or acquiescence in the placement of the mouth or east end of said driveway on their lands, and the continued use thereof, for more than seven years, both by themselves and their predecessors in title, they are now estopped to complain or eject.

## "III.

"The Chancellor erred in admitting, over appellants objections, testimony or appellee's witnesses Bruce Embry, Mrs. Dolly Embry, Walter N. Hazel, Sr., R. T. Leech, and appellee Raymond O. Colbert, to the effect that the use of said driveway was by permission of Bruce Embry, and Raymond O. Colbert, because said testimony was immaterial, hearsay, and irrelevant as to appellants."

By assignment of error No. I complainants content that they are entitled, as of right, to continued use of the driveway in controversy, "by reason of more than seven years claim, possession and adverse user thereof." This contention must be based on the provisions of what is known as the seven years "defensive" statute of limitations as set out in sec. 28-203, T. C. A. Obviously, the provisions of sec. 28-201 and 28-202, T. C. A., which provide for acquisition of indefeasible title by seven years adverse possession under color of recorded muniments of title, could not be applicable because no claim is here made that any part of the driveway which is in dispute in this lawsuit was included in either complainants' deed or that of their predecessor in title, Warren Hazel. The provisions of sec. 28-203, T. C. A., are as follows:

"No person or anyone claiming under him shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued; provided, however, that no possession of lands, tenements or hereditaments shall be deemed to extend beyond the actual possession of an adverse holder until the muniment of title, if any, under

which such adverse holder claims such lands, tenements or hereditaments is duly recorded in the county in which the lands are located.''

■■ Assignment No. I is utterly without merit. At the outset, complainants and their counsel overlook the fundamental fact that the very statute relied on by them provides a defensive remedy only, whereas they are undertaking to use same in an offensive action. The defensive statute relied on may be used as a shield, but not as a sword. Even if complainants' user of that part of the driveway in controversy which is on defendant's land had been of the kind and quality required by sec. 28-203, T. C. A., which the preponderance of the evidence establishes it was not, and had extended for more than seven years, as the undisputed evidence shows it had not, it would require twenty years of such adverse user, and not seven years, before complainants would be entitled to use such adverse user as a sword instead of as a shield. Saunders v. Simpson, 97 Tenn. 382, 37 S. W. 195; Blakemore v. Matthews, 154 Tenn. 334, 285 S. W. 567; Slatten v. Mitchell, 22 Tenn. App. 547, 124 S. W. (2d) 310; Bowles v. Chapman, 180 Tenn. 321, 175 S. W. (2d) 313; Nashville Trust Co. v. Evans, 30 Tenn. App. 415, 206 S. W. (2d) 911; Callahan v. Town of Middleton, 41 Tenn. App. 21, 292 S. W. (2d) 501.

■ Furthermore, even if complainants were entitled; which they are not, to use seven years adverse user as a sword instead of as a shield, they have not proved seven years of adverse user. Complainants acquired their property by deed from Warren Hazel January 22, 1952 and the bill in this cause was filed July 2, 1958. That period of time is six years, five months, and ten days,

which is considerably less than seven years. True, complainants allege in their bill, in order to make out a period of more than seven years, that such adverse user was by complainants and their predecessor in title. They offered no proof of adverse user by their predecessor in title; and the uncontradicted proof of defendants establishes that such user as complainants' predecessor had was permissive use, only. Complainants did not introduce the testimony of Warren Hazel, their predecessor in title, although the record establishes that he is and was in the Air Corps, stationed at Smyrna, Tennessee, which fact was known to complainants or could have been ascertained by them on diligent inquiry. Even if it had been established, however, that the user by complainants' predecessor in title, as well as that of complainants, was adverse, it still would avail complainants nothing. The law is settled in Tennessee that in the absence of privity between successive possessors, and in the absence of evidence of contractual intention to connect their respective possessions, successive possessions, even though adverse, cannot be tacked together to create a bar of the seven-year statute of limitations. Ferguson v. Prince, 136 Tenn. 543, 190 S. W. 548; Nelson v. Trigg, 72 Tenn. 701; Erck v. Church, 87 Tenn. 575, 11 S. W. 794, 4 L. R. A. 641. Assignment of error No. I, is accordingly overruled.

By assignment of error No. II, complainants contend that even if defendants have a legal right to that portion of the driveway which is on defendant's land, he should, under the principle of equitable estoppel, be denied the right to deprive complainants of further and continued use of same. In support of this assignment, they cite Bloomstein v. Clees Bros., 3 Tenn. Ch. 433, and Daugherty v. Toomey, 189 Tenn. 54, 222 S. W. (2d) 197.

300

300 The basis of complainants' contention for an equitable estoppel is that complainants' predecessor in title, relying on the permissive use granted by defendant's predecessor in title, expended substantial sums in improving said driveway by placing gravel on same; and that since defendant's predecessor in title stood by and permitted such expenditure, he and his successor in title, defendant, should be estopped to deny complainants' claim of right to continued use of the driveway across defendant's land. This contention of complainant is, in our opinion, wholly without merit. While the authorities cited sustain the principle of equitable estoppel where applicable even in situations which might otherwise violate the statute of frauds, we think they are wholly inapplicable to the facts of the instant case. Furthermore, the contention of complainants on this point is rendered woefully weak by reason of the fact that they did not introduce in evidence the testimony of their predecessor in title. This was commented on by the Chancellor. Their attempted explanation of inability to contact Warren Hazel is unconvincing, which is rendered more glaring by reason of the circumstance that the father-in-law of complainants' predecessor in title did testify in this cause in behalf of defendant. Assignment of error No. II is accordingly overruled.

■■ Assignment of error No. III complains of the action of the Chancellor in admitting in evidence, over the objection of complainants, the testimony of defendant's witnesses, Bruce Embry, Mrs. Dolly Embry, Walter N. Hazel, Sr., R. T. Leech, and Raymond O. Colbert, himself, to the effect that the use of the driveway in controversy over defendant's land was by permission of Bruce Embry and Raymond O. Colbert. Such testimony was, in

our opinion, clearly competent and admissible by reason of the allegation in complainants' bill that the use of the driveway over the land of defendant and his predecessor in title had been open, notorious, and adverse both by complainants and their predecessor in title. Complainants were in privity with Warren Hazel, their predecessor in title, and testimony of admissions made by him about the matter in controversy was clearly as competent and admissible as was testimony with reference to admissions made by complainants, themselves. Dunn v. Eaton, 92 Tenn. 743, 23 S. W. 163. Assignment of error No. III is accordingly overruled.

It results that all of appellants' assignments of error will be overruled and the judgment of the lower court will be affirmed. The costs of the appeal, together with those of the lower court, will be adjudged against appellants Ralph D. Pyron and Irma E. Pyron, his wife, and their surety on the appeal bond.

Avery, P. J. (Western Section), and Carney, J., concur.