DEMPEL EARPS,                          )
                                       )
        Plaintiff/Appellant,           )
                                       )        Appeal No.
                                       )        01-A-01-9505-CH-00206
VS.                                    )
                                       )        Macon Chancery
                                       )        No. 2555
IRENE S. EARPS, RONNIE EARPS,          )
AND GREG EARPS,                        )
                                       )
        Defendants/Appellees.          )

FILED

Oct. 31, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF MACON COUNTY
AT LAFAYETTE, TENNESSEE

THE HONORABLE C. K. SMITH, CHANCELLOR



CALVIN P. TURNER
202 E. Gay Street
P. O. Box 1100
Lebanon, Tennessee  37087
        Attorney for Plaintiff/Appellant

JAMES W. CHAMBERLAIN
105 Court Square
P. O. Box 98
Lafayette, Tennessee  37083
        Attorney for Defendants/Appellees



AFFIRMED AND REMANDED



BEN H. CANTRELL, JUDGE


CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The plaintiff in the trial court claimed title to a disputed area of land by adverse possession. The chancellor found that the disputed property was not within the calls of the plaintiff's deed and that the plaintiff had failed to establish a prescriptive title by twenty years of adverse possession. We affirm.

## I.

In 1971 Eugene and Irene Earps owned a tract of land in Macon County. On May 31 of that year they conveyed approximately 7/10 of an acre to their son Barry and his wife, Lois. The description in the deed referred to some identifiable boundaries but some of the distances were approximate. When Barry and Lois later built a house on the land, they ran the driveway to the road at a point where they could avoid excavating a high bank that ran in front of the house. They also constructed a fence enclosing the land occupied by the house and the driveway.

In 1976 or 1977 Mr. and Mrs. Earps made a parol gift to Barry and Lois of an additional strip of land beyond the driveway.[1] They intended to increase his lot size to an acre because they had given another son an acre of land at another location. Barry fenced in the additional land by moving his fence a short distance beyond its original location along the driveway.

Barry and Lois divorced in 1980, and as part of the settlement, Lois transferred her interest in the property to Barry.

---

[1] A parol gift of land coupled with the requisite period of adverse possession gives the possessor the protection of the statute. *McGammon v. Brooks*, 17 Tenn. App. 339, 67 S.W.2d 173 (1933). The discussion about adverse possession that follows is relevant to the land claimed by the parol gift.

Barry married the plaintiff in 1983 and in 1986 he transferred an interest in the house and lot to her. After the conveyance he and the plaintiff held title to the home as tenants by the entireties. The deed contained the same description as the 1971 deed to Barry and Lois.

Barry Earps died in 1993 and title to the property conveyed by the 1971 deed passed to the plaintiff by virtue of her right of survivorship. She put the property up for sale and a question arose about the exact boundaries. Mrs. Irene Earps employed a surveyor to establish the lines called for in the 1971 deed. The surveyor found that the calls in the deed would not close; consequently he plotted the lines using the definite distance along the road called for in the deed. The survey line on the south side of the house cuts across the driveway about one-third of the way to the road, leaving the rest of the driveway and a large triangular-shaped part of the front yard outside of the calls of the deed. When Mrs. Irene Earps, her son Ronnie, and Barry Earps' son Greg put up a fence along the surveyed line the plaintiff obtained a temporary injunction and claimed title to all the land enclosed by the fence Barry Earps erected in 1976 or 1977.

**II.**

In her complaint the plaintiff relied on two theories. First, that the disputed property had been held adversely under color of title for more than seven years, and, second, that she held a prescriptive title to the property by virtue of more than twenty years adverse possession.

With respect to the first theory we would note that if the disputed property came within the calls of the 1971 deed there would be no need to assert that the property had been held adversely for any period of time. Title to the property would have passed by the deed and not by adverse possession.

Thus, the first question to be answered is what the 1971 deed covered. The chancellor found that the survey made in 1994 accurately located the lines described in the original deed. While an inference could be drawn that the deed covered the entire area of the driveway, we do not think the evidence preponderates against the chancellor's finding. See Rule 13(d), Tenn. R. App. P. Therefore, the plaintiff did not hold the disputed area under color of title.

With respect to the plaintiff's second theory, it, too, has some flaws. It is true that a prescriptive title to property may be perfected by twenty years of adverse possession. *Catlett v. Whaley*, 731 S.W.2d 544 (Tenn. App. 1987). But the possession must of necessity be adverse, *id.*, *Tidwell v. Van Deventer*, 686 S.W.2d 899 (Tenn. App. 1984), and the adverse possessor has the burden of establishing the adverse possession by clear and positive proof. *Id.* at 902; *Jones v. Coal Creek Mining & Mfg. Co.*, 133 Tenn. 183, 180 S.W. 991 (1915). The burden of proof is even greater when the adverse possession is asserted against family members. See 3 Am. Jur. 2d *Adverse Possession* § 202, 203.

The chancellor did not make a specific finding that Barry Earps had possessed the disputed property by permission from his parents; he did, however, in general terms, express doubts about the adverse nature of the possession. In his findings from the bench, the chancellor said:

> I just find that the plaintiff here has failed to carry the burden of proof as set out in the pleadings. She has not established by the evidence that she has a color of title, nor has this been a twenty-year adverse use, nor has she established that there is a prescriptive easement, in my opinion. That, I feel like, would require an adverse use. And also, as far as the implied easement, I also find that she's failed to prove that, even though it wasn't in the pleadings. I'm not satisfied with what I've heard on that. I feel like there may be an awesome burden of proof here. But, I think when you come to dealing with land and property, particularly in this situation where it was family members who owned this land -- And a lot of times, brothers and sisters and mothers and children will let

- 4 -

each other use their land and barns as if it's all theirs or any of them without any real commitment to that being anybody else's property.

While another conclusion on this point would have been possible, when we consider the heightened burden of proof on the plaintiff, we cannot say that the chancellor's findings are against the preponderance of the evidence.

If the disputed property was not within the calls of the 1971 deed and Barry Earps' possession of it was not adverse to his mother and father, then the plaintiff's case must fail.

### III.

Although not raised in the pleadings, the seven year defensive statute, Tenn. Code Ann. § 28-2-103, has been raised on appeal. This code section bars the right of the original owner to recover property that has been adversely held for more than seven years. It does not give the adverse possessor title to the property, but it does give him or her the right to sue for trespass or for an injunction to prevent the repossession. *Tuggle v. Southern Ry. Co.*, 140 Tenn. 275, 204 S.W. 857 (1918).[2]

As in the action claiming title by adverse possession, however, to establish the defense provided in Tenn. Code Ann. § 28-2-103, the possession must be adverse and not permissive. *Pyron v. Colbert*, 46 Tenn. App. 287, 328 S.W.2d 825 (1959). The chancellor's findings are as fatal to this contention, as they are to the contention that the appellant has title by adverse possession.

### IV.

---

[2]For the view that Tenn. Code Ann. § 28-2-103 can be used only as a defense, see *Moore v. Brannan*, 42 Tenn. App. 542, 304 S.W.2d 660 (1957) and *Savely v. Bridges*, 57 Tenn. App. 372, 418 S.W.2d 472 (1967).

One other aspect of the case should be noted. Even if Barry Earps had acquired title to the disputed area by adverse possession it would not have passed to the appellant alone at Barry's death. The right of survivorship created by the deed to the appellant in 1986 covered only the property conveyed by the original deed in 1971. The calls in both deeds are identical and we have concluded that the original deed only conveyed the property shown on the 1994 survey. Therefore, if Barry died intestate, the appellant would take only what the law gives her by intestate succession. The record shows that Barry Earps had a child by his first marriage. (He is in fact a defendant in this action). Thus, the appellant would not have inherited the property in her sole name at Barry's death.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Macon County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE